**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 26-cv-2518-WJM

KULBIR SINGH,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as
Warden of the Denver Contract Detention Facility, *et al*.

      Respondents.

---

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

---

Before the Court is Petitioner Kulbir Singh's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1), and Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (ECF No. 6). Respondents Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility ("DCDF"); David Venturella,[1] in his official capacity as Acting Director of Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, in his official capacity as the Secretary of the Department of Homeland Security ("DHS"); and Todd Blanche, in his official capacity as Acting Attorney General of the United States (collectively, "Respondents" or "the Government") filed a cursory response.  (ECF No. 11.)

For the following reasons, the Petition is granted, and the Motion is denied as

---

[1] The Petition originally named Todd Lyons, for whom the Government substituted Venturella pursuant to Fed. R. Civ. P. 25(d).

moot.

## I.    BACKGROUND

This case presents an all-too-familiar fact pattern.  Singh is an asylum seeker from India who first entered the United States on May 29, 2023.  (ECF No. 1 at ¶ 4.)  He was apprehended by Customs and Border Protection ("CBP") on that same date but subsequently released on his own recognizance under 8 U.S.C. § 1226.  (*Id.* at ¶¶ 5, 59–61.)

Nearly three years later, on May 23, 2026, Singh was rearrested without a warrant or a pre-deprivation hearing.  (*Id.* at ¶¶ 5, 70, 72.)[2]  At the time of his arrest, he was driving a truck in Wyoming as part of his job.  (*Id.* at ¶ 71.)  Officers placed him under arrest and transferred him to ICE custody.  (*Id.*)

Singh submits—and the Government does not refute—that there has been no material change in circumstances, he has no criminal record, and he has not violated any conditions of release from initial custody.  (*Id.* at ¶¶ 5, 70, 75.)  Even so, the Government now insists Singh is subject to mandatory detention under 8 U.S.C. § 1225(b).  (*Id.* at ¶ 6; ECF No. 11 at 2.)

Singh challenges the legality of his detention and asks the Court to order his immediate release from custody.  (ECF No. 1 at ¶ 1.)

## II.    LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).  More

---

[2] The Petition lists two different dates for Singh's rearrest: May 23, 2026 and May 29, 2026.  (*Compare id.* at ¶ 5 *with* ¶ 70).  The Motion lists the date of rearrest as May 23, 2026. (ECF No. 6 at 7:4.)

specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in violation of the Constitution or laws . . . of the United States")).  "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

### III.    ANALYSIS

Singh contends that his mandatory detention under § 1225(b) violates his Fifth Amendment Due Process rights (First and Second Claims for Relief) and the Immigration and Nationality Act ("INA") (Third Claim for Relief).  (*See generally* ECF No. 1.)  He asserts that a bond hearing before an Immigration Judge ("IJ") is an inadequate remedy and thus exclusively seeks immediate release.  (*Id.* at ¶¶ 77–86.)  The Court agrees on all counts.  The Court first discusses the INA claim and then the Fifth Amendment procedural due process claim.

### A.    Sections 1225(b) and 1226(a)

Singh claims that Respondents' invocation of § 1225 violates the INA because he "was previously arrested and released under § 1226 and . . . is not properly subject to § 1225(b)."  (*Id.* at ¶ 104.)  The Government acknowledges the Court will resolve Singh's statutory claim consistent with its prior rulings, unless and until the Tenth Circuit decides otherwise.  (ECF No. 11 at 2–4.)  The Tenth Circuit has now resolved this issue

in its recent decision in *Santillan Quiroz v. Mullin,* ---- F.4th ----, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026), which leaves little to debate.  Singh is right.

In *Santillan Quiroz,* the Tenth Circuit considered "whether § 1225(b)(2)(A) or §1226(a) applie[d]" to a § 2241 petitioner who entered the United States "[t]wo decades ago" and had "lived here ever since." *Id.* at *2, *4.  Ultimately, it held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually[3] subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5.  The Tenth Circuit based its holding in significant part on its interpretation of the phrase "seeking admission," as it is used in § 1225(b)(2)(A). *Id.* at *6–*7.  It reasoned: "A person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* at*7.  Thus, "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.*  By extension, "§ 1225(b)(2)(A) is likewise limited to the border." *Id.*[4]

The material facts here are indistinguishable from those summarized in *Santillan Quiroz.*  Like the § 2241 petitioner in that case, Singh had already entered the United

---

[3] The Tenth Circuit's holding is qualified only by the fact that "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)." *Id.* at *5 n.6.  But, as in *Santillan Quiroz,* "[t]here is no argument here that § 1225(b)(1)(A) applies to [Singh]." *Id.*

[4] Notably, this reasoning is consistent with the numerous other decisions the undersigned has reached in the very recent past. *Cf. Juarez-Bibiano v. Baltazar*, 2026 WL 1893397, at *2–*3 (D. Colo. July 1, 2026); *Garcia Lozano v. Mullin,* 2026 WL 1091266, at *2–*4 (D. Colo. Apr. 22, 2026); *Pal v. Lyons,* 2026 WL 937962, at *2–*4 (D. Colo. Apr. 7, 2026); *Saini v. Baltazar,* 2026 WL 1091263, at *2–*4 (D. Colo. Apr. 22, 2026); *Temaj Lopez v. Baltasar,* 2026 WL 628199, at *2–*4 (D. Colo. Mar. 6, 2026); *Singh v. Baltasar*, 2026 WL 601950, at *1 (D. Colo. Mar. 4, 2026); *Hernandez v. Baltazar,* 2026 WL 507518, at *4 (D. Colo. Feb. 24, 2026); *Garcia Abanil v. Baltazar,* 817 F. Supp. 3d 1148, 1155–57 (D. Colo. 2026); *Morales Lopez v. Baltazar*, 2026 WL 25161, at *4–*5 (D. Colo. Jan. 5, 2026).

States—notably, as a result of Respondents having released him on his own recognizance under § 1226(a) shortly after entry—when he was detained in May 2026. Accordingly, § 1226(a)—not § 1225(b)(2)(A)—applies to Singh.

## B.   Fifth Amendment Violation

Singh claims that his "re-detention without notices of reasons or a pre-detention hearing violated due process." (ECF No. 1 at ¶ 100.) The Government's cursory response makes no mention of Singh's due process claim. (*See generally* ECF No. 11.) But this Court has already held that the Government violates procedural due process when it re-detains noncitizens previously released on conditional parole under § 1226(a) without notice or a pre-deprivation hearing. *Singh v. Valdez*, No. 1:26-cv-01109-WJM, 2026 WL 890240 (D. Colo. Apr. 1, 2026).[5] In keeping with *Singh*, the Court again concludes that Respondents violated due process by committing those same procedural failures before re-detaining Singh.[6]

## C.   Remedy

The Government submits that, if the Court agrees with Singh and determines he is detained under § 1226(a), "the appropriate relief is for the Court to direct that a bond hearing be conducted pursuant to § 1226(a) before an immigration judge." (ECF No. 11

---

[5] Other district courts in this Circuit have reasoned similarly. *See also Makhmudov v. Bondi,* 2026 WL 915597, at *12 (W.D. Okla. Apr. 3, 2026) (finding petitioner had shown a likelihood of success on the merits of his procedural due process claim that he was entitled to a pre-deprivation hearing before being re-detained); *Singh v. Noem,* --- F. Supp. 3d ---, 2026 WL 766228, at *5–*10 (D.N.M. Mar. 18, 2026) (concluding, after consideration of the *Mathews* factors, that conditionally paroled § 2241 petitioner's failure to receive a pre-deprivation hearing prior to being re-detained violated his procedural due process rights); *Diallo v. Orozco,* 2026 WL 608746, at *2 (D.N.M. Mar. 4, 2026) ("due process requires Diallo," who had previously been released on his own recognizance, "receive a hearing before an IJ prior to re-detention").

[6] The Court does not reach Singh's substantive due process claim. (ECF No. 1 at ¶¶ 92–96.)

at 4.)  The Court disagrees for two reasons.

First, as recently put by one district judge in this Circuit,

> [a] bond hearing, which Petitioner is entitled to regardless,
> cannot cure the fact that he is detained while his conditional
> parole is still ongoing because it has not been properly
> terminated.  Petitioner's . . . release is required to remedy
> the ongoing due process violation caused by Petitioner being
> detained while his conditional parole has not yet been
> terminated.  The Court does not see how ordering another
> bond hearing would remedy a wrong that has been ongoing
> since the outset of Petitioner's re-detention.

*Singh,* 2026 WL 766228, at *10; *see also Vielma Uzcategui v. Brooksby, et al.,* 2026 WL 622751, at *13 (D. Utah Mar. 5, 2026) (ordering immediate release of petitioner previously released on her own recognizance); *Velasquez Montillo v. Brooksby,* 2026 WL 592355, at *10 (D. Utah Mar. 3, 2026) (same); *Murzi v. Noem,* 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (same).

Second, this Court has already written of its "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore."  *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4–*5 (D. Colo. Apr. 22, 2026) (concluding "the IJ deprived [petitioner] of his due process rights" by issuing a bond decision that was "wholly bereft of any analysis whatsoever").  Indeed, courts across the country have, with increasing frequency, ceased "order[ing] even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc*

6

justifications." *Zheng v. Rokosky,* --- F. Supp. 3d ---, 2026 WL 800203, at *11 (D.N.J. Mar. 23, 2026) (collecting cases).

Given this reality, the Court will order Singh's immediate release.

## IV.   CONCLUSION

For all these reasons, the Court ORDERS as follows:

1.      The Court's Order to Show Cause (ECF No. 5) is MADE ABSOLUTE and Singh's Petition (ECF No. 1) is GRANTED;

2.      The Court GRANTS this relief to Singh pursuant to the Second and Third Claims of the Petition.  The Court does not reach the merits of the First Claim;

3.      The Motion (ECF No. 6) is DENIED AS MOOT;

4.      **By no later than this Thursday, July 9, 2026,** Respondents shall IMMEDIATELY RELEASE Singh on his own recognizance, along with all his personal belongings, subject only to the conditions of his pre-existing conditional parole.  **No additional conditions of release shall be imposed on Singh by Respondents**. Respondents shall further facilitate Singh's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

5.      Respondents are ENJOINED from re-arresting or re-detaining Singh unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified.  At any such bond hearing, Respondents shall bear the burden of proof, and Singh shall be allowed to have counsel present.  This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

6.    Respondents shall continue to be ENJOINED from removing, transferring, or causing the removal or transfer of, Singh from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

7.    Should Singh believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **August 4, 2026**.  Respondents shall file a response by no later than **August 25, 2026**, and Singh shall file a reply by no later than **September 8, 2026**; and

8.    Judgment shall enter in Singh's favor and against Respondents on **July 21, 2026,** UNLESS prior thereto the Court is informed that Respondents have failed to fully and timely comply with the terms of this Order.

Dated this 7th day of July, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge

8